Thomas Cusack Company, Respondent, vs. City of Milwaukee and others, Appellants.

*April 10—October 6, 1914.*

*Municipal corporations: Regulation of billboards, etc.: Ordinance: Construction.*

1. A municipal ordinance providing that no "sign, billboard, board, fence, or structure of any kind to be used for advertising purposes" shall be maintained in the city, except as therein provided, applies only to such structures as are built to be used for advertising purposes.
2. Without complying with the requirements of such ordinance a landowner may permit advertisements to be placed on a fence built around his lot, provided such fence is not built simply for that purpose, and the owners of buildings which are constructed for other purposes may allow advertising matter to be placed thereon.

Appeal from a judgment of the circuit court for Milwaukee county: Oscar M. Fritz, Circuit Judge. *Reversed.*

*Daniel W. Hoan,* for the appellants.

Thomas Cusack Co. v. Milwaukee, 158 Wis. 100.

For the respondent there were briefs by *Austin, Fehr &*
*Gehrz,* and oral argument by *G. G. Gehrz.*

The following opinion was filed May 1, 1914:

BARNES, J.  The same questions are involved in this case
that are involved in *Cream City Bill Posting Co. v. Milwau-*
*kee, ante,* p. 86, 147 N. W. 25.  In addition, however, to
the questions involved in the *Cream City Bill Posting Com-*
*pany Case,* it is contended by the respondent in the instant
case that the plaintiff, under written leases extending for
terms of from one to twelve years, maintains bulletins and
advertising displays attached to or painted upon the walls of
buildings and upon ordinary board fences; that many of these
fences exist close to the lot lines and extend down to the
ground, contrary to the ordinance; that the ordinance forbids
any board fence or structure of any kind to be used for adver-
tising purposes or upon which any advertisement is shown,
painted, or displayed in any way except as therein specified;
that a building is a structure, and that the ordinance reaches
the buildings and fences upon which the respondent's adver-
tisements appear; that the mere fact that an advertisement
happens to be painted on or fastened to a building or fence
does not render either one a nuisance and does not furnish
any justification for the exercise of the police power so long
as the character of the advertisements is unobjectionable.

The ordinance applies only to such structures as are built
to be used for advertising purposes.  If the landowner de-
sires to inclose his lot, he may build a fence around the same
and he may permit advertisements to be placed thereon.  If,
however, the fence is built to be used simply for advertising
purposes, then the terms of the ordinance must be complied
with.  So too as to buildings which are constructed for other
purposes than that of being used for billboards, the owners
may allow advertising matter to be placed thereon without
subjecting themselves to the pains and penalties of the ordi-

nance in question. If a shell of a building should be put up simply for the purpose of using its exterior walls for advertising purposes, it would to all intents and purposes be a billboard, and in such a case it should properly enough fall within the terms of the ordinance. . So construing the ordinance, there is no substantial difference between the two cases.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on October 6, 1914.