PETER F. GILMARTIN, Deputy Chief of Police, *vs.*
STANDISH-BARNES CO.

APRIL 3, 1917.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Baker, JJ.

*(1)  Billboards.  Constitutional Law.*

Decision in *Horton* v. *Old Colony Bill Posting Co.,* 36 R. I. 507, sustaining the validity of Pub. Laws, cap. 542, Jan. Sess. 1910, "An act authorizing cities and towns to regulate certain out-door advertising," and cap. 443 (1910) of the ordinances of the City of Providence, the so-called "Billboard" ordinance, as a proper and reasonable exercise of the police power, and as not obnoxious to certain constitutional provisions, approved and affirmed.

CRIMINAL COMPLAINTS. Certified on constitutional questions.

PARKHURST, C. J. These cases are two complaints brought in the Police Court of the City of Providence, for violations of Chapter 443 of the Ordinances of the City of Providence, approved July 11, 1910, regulating outdoor advertising, and the erection and maintenance of billboards.

It is alleged in the complaints in substance that the Standish-Barnes Company, on or about August 10, 1916, constructed and used a certain structure and billboard for the display of outdoor advertising on the westerly side of North Main Street, between Caroline and Matilda Streets, in the City of Providence (first complaint); that on or about August 10, 1916, the said company also constructed and used a certain structure and billboard for the display of outdoor advertising on a tract of land at or near the corner of Charles and Admiral Streets in the City of Providence (second complaint); it is alleged that both of these structures violated provisions of Chapter 443 of the Ordinances of the City of Providence, approved July 11, 1910, passed pursuant to authority given by the General Assembly under Chapter 542 of the Public Laws of Rhode Island, January Session, 1910. In consequence of these violations these complaints were made in behalf of the State by the said complainant in the Police Court of said Providence, September 15, 1916. On October 11, 1916, motions to quash and demurrers to said complaints both having been overruled, said company, defendant, in each case admitted sufficient evidence to convict, was fined ten dollars and costs in each case and thereupon appealed both cases to the Superior Court for the counties of Providence and Bristol. In said Superior Court the attorney for the respondent filed motions to quash the complaints and it appearing to said court that constitutional questions were raised upon the record, said complaints were thereupon certified to this court, together with all papers in each case, here to be heard and

determined on the constitutionality of both said act and said ordinance.

It is admitted by counsel for the parties that said Chapter 542 of the Public Laws of Rhode Island and said Chapter 443 of the City Ordinances have not been amended nor altered in anywise since their passage, and are the identical laws which were considered by this court in *Horton* v. *Old Colony Bill Posting Company,* 36 R. I. 507, decided June 26, 1914.

It is apparent from the record before this court that precisely the same questions relating to the constitutionality of said act and ordinance, as were raised and determined in the *Horton* case, *supra,* are now raised in these cases in substantially identical words; we find nothing in the briefs and arguments of counsel, which in any way tend to modify or disturb the conclusions arrived at in the opinion in that case; indeed, counsel for the defendant did not appear to expect that we would come to any different conclusion, and no serious attempt was made to reargue the principles involved in that case.

Certain cases which have been determined by other courts, since our decision in the *Horton* case, *supra,* relating to similar ordinances regulating the erection and use and maintenance of billboard structures have been called to our attention by counsel for the complainant, all of which are in support and confirmation of the views which we expressed in the *Horton* case; for convenience of reference these cases are cited, but we do not deem it necessary to review them. See *Cream City Bill Posting Co.* v. *City of Milwaukee,* 158 Wis. 86 (October 6, 1914); *Thomas Cusack Co.* v. *City of Milwaukee,* 158 Wis. 100 (October 6, 1914); *People v. Miller,* 161 App. Div. 138 (March 6, 1914), *Haskell* v. *Howard,* 269 Ill. 550 (October 27, 1915); *People* v. *Ludwig,* 172 App. Div. 71 (April, 1916), affirmed 218 N. Y. 540 (July 11, 1916); *Thomas Cusack Co.* v. *City of Chicago,* 267 Ill. 344 (December 16,

1914), affirmed by the Supreme Court of the United States, October Term, 1916, January 15, 1917, U. S. S. C. Reporter, February 15, 1917, p. 190.

The cases at bar, in our opinion, are ruled by the *Horton* case, *supra;* which is hereby approved and affirmed; in accordance with the findings in that case, we are of the opinion that both the ordinance in question and the enabling act are valid as a proper and reasonable exercise of the police power, and do not violate any of the constitutional provisions either of the Constitution of Rhode Island or of the Constitution of the United States or amendments thereto to which reference has been made.

The papers in these cases will be sent back to the Superior Court, sitting in Providence, with our decision certified thereon, for further proceedings.

*Elmer S. Chace, City Solicitor, and Charles P. Sisson, Assistant City Solicitor,* for complainant.

*J. Jerome Hahn,* for respondent.