Powers McGuire, Plaintiff-Appellant, v. James S. Purcell, as Building Commissioner of Village of Lakewood, McHenry County, Illinois, Defendants-Appellees.

James S. Purcell, Cross-Plaintiff-Appellee, v. Powers McGuire, Cross-Defendant-Appellant, and Village of Lakewood, McHenry County, Cross-Defendant-Appellee.

Village of Lakewood, Cross-Plaintiff-Appellee, v. Powers McGuire, Cross-Defendant-Appellant, and James S. Purcell, Cross-Defendant-Appellee.

Gen. No. 10,865.

Second District.

October 28, 1955.

Released for publication November 16, 1955.

Powers McGuire, of Chicago, pro se, plaintiff-appellant, cross-defendant-appellant.

David B. Maloney, and Howard B. Bryant, both of Chicago, for defendants and cross-plaintiffs-appellees.

MR. JUSTICE EOVALDI delivered the opinion of the court.

Powers McGuire, plaintiff-appellant, cross-defendant-appellant, appeals from the order of court resolving the issues adversely to him, dismissing his complaint for declaratory judgment and injunction, and permanently restraining him from placing, constructing, or maintaining a sign on his property as prayed in the cross-complaints.

Plaintiff, an attorney, and his wife, Anne (who is not a party to this proceeding), purchased the property upon which he now resides in the Country Club Addition in the Village of Lakewood, McHenry County, Illinois, in June, 1951. The deed restrictions on the property purchased by the plaintiff, and the zoning ordinance of said Village, limited the use of the property to single family, private residence use, and further provided that no lot, or part of lot, should ever be used for any other use than private residence and that "no bill board or other advertising sign or device shall ever

be erected in said additions, or placed or painted on any building therein." The only exception to this prohibition is in the zoning ordinance which provides that doctors, dentists, or similar professions may place a name plate upon their residence with a designation of their profession, of a size not to exceed one square foot.

The plaintiff built a home in which he set aside one room as an office, and in the parkway adjoining his property constructed two poles, on top of each of which was placed a light, and from one pole was extended a sign on which appeared the name of

"POWERS McGUIRE
LAWYER AND
POLICE MAGISTRATE."

The sign was more than one square foot in size. The plaintiff, who is Police Magistrate for the Village, advised the Village Board that he would refuse to comply with the zoning ordinance and remove his sign. He was thereupon arrested for violation of the zoning ordinance prohibiting advertising.

It is plaintiff's contention that the ordinance is unreasonable, arbitrary and void; that a sign bearing the plaintiff's name and the wording "lawyer," "attorney," or the like, cannot reasonably be construed to mean "advertising signs" within the meaning of that term in the ordinance; and further, that there is a widespread custom in the village of erecting signs on lawns, in the parkway, on mailboxes, or on illuminated driveway pillars bearing the name of the occupant and his business or profession.

Section IV, paragraph (b), of the ordinance provides:

"Advertising signs, except name plates on buildings and sale or rent signs, none of which shall exceed twelve square feet in area, are specifically prohibited."

Paragraph (c), sub-paragraph (12) of said Section IV provides:

409

"It shall be permissible to use residences in "A" Residence District for home occupation, including the office of a physician, dentist, or similar profession, but engaged in by occupants of a dwelling and not involving a conduct of a business upon the premises. No name plate exceeding one (1) square foot in area shall be permitted on any dwelling and such name plate shall contain only the name and occupation of an occupant of the premises."

At the trial defendants introduced in evidence a certified copy of the deed restrictions over the property in question, of record since 1924. Those deed restrictions are as follows:

"No lot in said additions, or part of lot therein except as hereinafter provided, shall ever be used or permitted by the owner or occupant thereof to be used, by any person, for other than private residence purposes. . . .

"No bill board or other advertising sign or device shall ever be erected in said additions or placed or painted on any building therein, except as hereinafter provided and except as allowed in the business section. No refreshment stands or amusement enterprises, will be permitted on any lot platted in these additions, except as hereinafter provided for, in business sections and except that the maker or makers of these plats, their successors or assigns, may grant such privileges on community parks or beaches."

The ordinance in question and the deed restrictions are comprehensive, and were intended to give persons who purchase lots and erect homes the right to have the properties limited to use for residential purposes and to prohibit the deterioration of a residential neighborhood which so often occurs when signs, businesses and other like uses are imposed on properties in such areas.

It is not questioned that the area involved is almost exclusively residential in character. Our Supreme

Court in the late case of Dunlap v. City of Woodstock, 405 Ill. 410, at pp. 414–415, states:

"It has always been recognized in this State that constitutional guarantees of private rights are subject to the qualification that they may be cut down by governmental agencies acting under the police power of the State. . . .

"The evidence discloses that the value of appellants' property would be increased if they were granted a permit to erect a grocery store thereon, but that the value of other property in the neighborhood would be decreased thereby; and that the erection of a business building in an area now exclusively zoned for residential purposes would tend to diminish the values of the properties in the adjoining area. Thus, the entire neighborhood would lose and the city would suffer by the resulting loss in taxable value. The prevention of such a loss is one of the specific purposes for which the zoning power is granted, and is directly related to public welfare. . . .

"Where there is room for a fair difference of opinion concerning the reasonableness of a particular ordinance, we will not overthrow the considered findings of an impartial body which is presumably well equipped to decide the various issues involved. Village of Western Springs v. Bernhagen, 326 Ill. 100."

It is argued by appellant that residents have long erected signs with their names and occupations on their property other than on their building; that there had been a sign in front of Mr. Wallace's property containing the words "Wallace, Real Estate" and "Police Magistrate;" and that the evidence shows that there is no public lighting system and no numbering system for the houses; and that his sign was consistent with the esthetic appearance and development of the community and that a professional name plate not exceeding one square foot in area actually affixed to a dwel-

411

ling or building would neither be visible nor legible at night.

Much of appellant's evidence with reference to the witness, Wallace, was heard subject to objection. On cross-examination Wallace admitted that the Village required him to remove his office and admitted further that the attorney for the Village wrote him letters concerning the removal of the office. Hubert A. Curtiss, an officer of the Property Owners Association, and a former Village Trustee, testified that he resided in Lakewood for ten years last past and that at no time during the ten years prior to the hearing of the case did Wallace have his sign in the parkway adjoining his home. Another witness for defendants, Edith M. Eldred, a resident of Lakewood for more than 30 years, testified that the sign was near Wallace's house for a couple of years and that he had not had his sign in front of his house for at least 15 years. Another witness, Columbus Behan, a Village Trustee, testified that he bought his home in 1940 or 1941 from Wallace and that there was no sign in the parkway adjoining Wallace's home at that time and that there had been no sign since that time.

When testimony is contradictory, it is well established that, in a hearing before the court without a jury, whether at law or in equity, the determination of the credibility of witnesses and the weight to be afforded their testimony are matters for the trial court, and its findings will not be disturbed unless they are manifestly against the weight of the evidence. Eleopoulos v. City of Chicago, 3 Ill.2d 247 at page 253; Wynekoop v. Wynekoop, 407 Ill. 219; Schnepper v. Ashlock, 404 Ill. 417; Sohio Corp. v. Gudder, 375 Ill. 622; Flynn v. Troesch, 373 Ill. 275; Dalbey v. Hayes, 267 Ill. 521; Zimmerman v. Zimmerman, 242 Ill. 552; Beall v. Dingman, 227 Ill. 294; Manley v. Geng, 7 Ill.App.2d 6, 128 N.E.2d 641; Glasser v. Essaness Theatres Corp., 346 Ill. App. 72.

In the case of Village of Riverside v. Kuhne, 335 Ill. App. 547, defendant placed a pair of signs on a tree in his yard, the upper sign containing the words "Real Estate" in large letters, and the lower the name "Eugen Kuhne" with "Exclusive Broker" written under it. The Court held this to be a violation of the ordinance.

To defendant's contention that a number of building contractors, a newspaperman, and others used desks and telephones in their homes for business purposes, the court said, at pages 561–562:

"It goes without saying, of course, that anyone may keep his account books in his home, his truck in his garage, may talk to anyone in or from his home upon any subject, but such a use is in no sense comparable to the continuous carrying on of a recognized business on property involving repeated contacts with customers or accompanied by advertising signs inviting the public to come to the office to transact business. Moreover, proof that there were other violations of the ordinance, if the evidence sustained that conclusion, would not excuse defendant's violation."

In Thomas Cusack Co. v. City of Chicago, 267 Ill. 344, our Supreme Court, in sustaining the validity of an ordinance, held that ordinances regulating the erection and maintenance of billboards in residence districts were not unreasonable or oppressive, and on appeal to the Supreme Court of the United States its judgment was affirmed. 242 U. S. 526 at pp. 529–530, 61 L. Ed. 472. In Town of Lexington v. Govenar, 295 Mass. 31, 3 N.E.2d 19, the Supreme Judicial Court of Massachusetts had occasion to construe an ordinance in connection with a sign which had been erected by an attorney on a tree in front of his house; the sign was about ten inches by twenty inches, and it was attached to the tree by an iron bracket, about five feet from his front steps, on which were printed on both sides the following words: "David H. Govenar, Attorney at Law, Notary public." That court held that an attorney's sign

413

on his residence property for advertising purposes violated the zoning law excluding professional offices from designated districts entitling the municipality to enjoin maintenance of the sign, and ordered appellant to remove the sign.

This Court is of the opinion that the sign in this case to which objection is made is an advertising sign and that the erection of same by appellant on his house lot is a violation of the zoning law and of the restrictions in the deeds. The final decree dismissing appellant's complaint for declaratory judgment and injunction, and granting appellees a permanent injunction restraining appellant from placing, constructing or maintaining a sign on his property as prayed in the cross-complaints, must be affirmed.

Decree affirmed.

DOVE, P. J., concurs.