NOTICE

Decision filed 05/10/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200414-U

NO. 5-20-0414

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| AUSTIN KNOOB d/b/a Saluki Bar and Billiards, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 20-CH-35 |
| | ) | |
| THE CITY OF CARBONDALE and CARBONDALE | ) | |
| LOCAL LIQUOR CONTROL COMMISSION, | ) | Honorable |
| | ) | Michael A. Fiello, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Justices Welch and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court properly dismissed complaint for declaratory relief for lack of subject matter jurisdiction where the plaintiff had not exhausted his administrative remedies. The plaintiff's request for injunctive relief is moot.

¶ 2    The plaintiff, Austin Knoob d/b/a Saluki Bar and Billiards, filed a complaint for declaratory and injunctive relief, following a decision by the defendant, Carbondale Local Liquor Control Commission (Local Liquor Commission), to revoke his liquor license. Following a hearing, the circuit court dismissed the plaintiff's claim for declaratory relief, finding that it lacked jurisdiction because the plaintiff had not exhausted his administrative remedies. The court also denied the claim for injunctive relief, finding that the plaintiff failed to present sufficient evidence to demonstrate irreparable harm and a likelihood of success on the merits. On appeal, the plaintiff

1

claims that the circuit court erred in dismissing the declaratory judgment action because he was not required to exhaust his administrative remedies where the ordinance under which the Local Liquor Commission acted was invalid. The plaintiff also claims that the circuit court erred in denying the claim for a preliminary injunction where he set forth a *prima facie* case demonstrating irreparable harm and an inadequate remedy at law. For the reasons that follow, we affirm the circuit court's decision to dismiss the complaint for declaratory relief, and we find that the plaintiff's claim for injunctive relief is moot.

¶ 3                                I. BACKGROUND

¶ 4        A.  The Action Before the Local Liquor Commission in Case No. 2020-03

¶ 5        The plaintiff owned and operated a business establishment known as the Saluki Bar/Levels (Saluki Bar) in Carbondale, Illinois. The plaintiff held a Class B2 liquor license, issued by the City of Carbondale (City), that permitted the sale and consumption of alcohol inside the premises and in the outdoor beer garden.

¶ 6        On June 2, 2020, at approximately 2:04 a.m., a Carbondale police officer was on duty and reported that he heard tires squealing and a vehicle accelerating, followed by 8 to 10 gunshots in the area of the Saluki Bar. The officer investigated and found several spent .22 caliber casings in the Saluki Bar parking lot.

¶ 7        On June 4, 2020, the mayor of Carbondale, John Henry, acting in his capacity as the chairman of the Local Liquor Commission, issued a summary order in case No. 2020-03 (Order 03), pursuant to Carbondale Revised Code (CRC) § 2-2-3(B),[1] requiring the plaintiff to close the Saluki Bar beginning at 5 p.m. on June 4, 2020, through 5 p.m. on June 9, 2020. The reasons for

_____

[1]The CRC provides that "a licensed premises may be closed for not more than seven (7) days without notice or hearing, upon the issuance of a written order stating the reason(s) for closing if the Chairperson of the Local Liquor Control Commission has reason to believe that the continued operation of the specific licensed premises will or does threaten the welfare of the community." CRC § 2-2-3(B).

the closure were set out in Order 03 and included certain restrictions that had been placed on liquor establishments due to the ongoing Covid-19 pandemic. One of those restrictions limited gatherings on "controlled premises"[2] to no more than 10 people. Order 03 specifically referenced the June 2, 2020, incident where the police officer reported sounds of gunfire near the Saluki Bar and shell casings found in the Saluki Bar parking lot. Henry, as chairman, found there was reason to believe that the plaintiff breached his duty under CRC § 2-5-3(D),[3] and permitted unlawful activity on the "control[led] premises." Henry ordered the Local Liquor Commission to conduct an evidentiary hearing within seven days of the summary suspension order.

¶ 8     On June 9, 2020, Brad Olson, a hearing officer for the Local Liquor Commission,[4] commenced a hearing on the charge of failing to control the licensed premises in violation of CRC § 2-5-3(D). After considering the testimony and evidence presented, Olson issued a report and recommendation to the Local Liquor Commission on June 20, 2020. In his report, Olson indicated that the plaintiff appeared with counsel, and that the City of Carbondale was also represented. Olson noted that the City called the telecommunicator along with three police officers as witnesses. The plaintiff called his bar manager to testify.

¶ 9     In his report, Olson found that the chairman had reason to issue a temporary order based upon the information contained in the police reports of the investigating officers related to the gunfire incident. Olson found that the police reports were truthful and consistent with the testimony

---

[2]The "control premises" includes "the total area of the premises which the licensee controls or is responsible for and shall include, but not be limited to, the licensed service premises, parking lots, sidewalks, or other areas adjacent to and utilized by the licensed premises and its patrons." CRC § 2-1-1.

[3]According to the CRC, "it shall be unlawful for any licensee to allow or permit upon the licensed premises or control premises any activity that is prohibited by the ordinances of the city." CRC § 2-5-3(D).

[4]A hearing officer of the Local Liquor Commission presides over the evidentiary hearing and has the right to issue subpoenas, conduct the evidentiary hearing, place witnesses under oath, rule on objections, dismiss charges, conduct the hearing, and issue a report and recommendation. CRC § 2-2-3(C).

that the police officers had given during the hearing. Olson also found that based upon the information available to chairman Henry, there was reason to believe that a violation of CRC § 2-5-3 could have occurred which, if allowed to continue, posed a threat to the welfare of the community.

¶ 10     Olson's report also addressed, in part, the City's claim that the plaintiff failed to comply with Order 03 that required him to temporarily close the Saluki Bar, even though Olson found that the issue was not properly before him. Although Olson made no findings regarding whether the plaintiff failed to comply with Order 03, Olson nevertheless concluded that he found no authority that permitted the plaintiff to ignore the validity of the temporary order.

¶ 11     Olson concluded that the Local Liquor Commission did not meet its burden of showing that the plaintiff violated CRC § 2-5-3(D). There was no evidence that the Saluki Bar was connected to the sounds of gunfire reported on June 2, 2020. Olson further noted that even if the gunfire was connected to the Saluki Bar, there was no indication that gunfire activity had occurred on a "somewhat regular basis." Olson concluded that under CRC § 2-2-3(B), the chairman was authorized to issue the temporary order to suspend the plaintiff's license up to seven days, and that the temporary suspension issued by the chairman had been rendered "moot by operation of time." Olson recommended that the Local Liquor Commission take no further action.

¶ 12     On August 25, 2020, the Local Liquor Commission met and considered Olson's report and recommendation regarding the Saluki Bar. According to minutes from that meeting, chairman Henry was present, along with six commissioners. The plaintiff was represented by his counsel who identified discrepancies in the officer's report and rebutted some of the assertions that had been made. The city attorney outlined "various incidents" that led to the summary suspension of the plaintiff's liquor license. The minutes of the meeting do not detail what these incidents were,

although the "legal arguments" went on for "one and one half hour." At the conclusion of the meeting, a motion was made to amend Olson's findings to state there was sufficient evidence presented to find that the plaintiff violated CRC § 2-5-3(D). The motion also included the recommendation that the plaintiff's liquor license be revoked. The motion passed by a vote of four to three.

¶ 13    That same day, on August 25, 2020, the Local Liquor Commission issued its order adopting the June 20, 2020, Hearing Officer's Report and Recommendations, as amended. In the order, the Local Liquor Commission found that there was sufficient evidence to find that the plaintiff failed to maintain control of the premises, including the adjacent parking lots, in violation of CRC § 2-5-3(D). The order also found that the plaintiff had been ordered to serve a suspension from June 4, 2020, through June 9, 2020, and that a stay of the revocation during an appeal was not appropriate. The plaintiff's license was revoked, and he was ordered to pay the costs of the proceeding in the amount of $837.70. The Local Liquor Commission further found that this was a final and appealable order in case No. 2020-03, and that if the plaintiff filed an appeal with the Illinois Liquor Control Commission (ILCC), the plaintiff should be required to post a bond.

¶ 14                    B. Declaratory Judgment in 20-CH-31

¶ 15    In a separate proceeding in Jackson County (20-CH-31), the plaintiff filed an action seeking an injunction to allow him to maintain his liquor license while he appealed the August 25, 2020, final decision of the Local Liquor Commission. On October 1, 2020, the circuit court granted an injunction, and permitted the plaintiff to hold his liquor license during the administrative proceedings before the ILCC regarding case No. 2020-03. The court found that "the plaintiff has not had a previous suspension within the past 12 months and thus can hold their liquor license while the revocation of the liquor license is being appealed."

¶ 16    C. The Action Before the Local Liquor Commission in Case No. 2020-04

¶ 17    While the Local Liquor Commission was administering the proceedings related to Order 03, it filed a new citation against the plaintiff on August 24, 2020. This citation charged the plaintiff with violating the terms of Order 03 when plaintiff failed to close his establishment from June 4 through June 8 in that the business offered alcoholic beverages for sale without a valid liquor license. A notice of hearing before the Local Liquor Commission accompanied the citation.

¶ 18    On September 30, 2020, hearing officer Olson commenced a new hearing in case No. 2020-04 on the charges of operating a business selling alcoholic beverages within the city limits of Carbondale, Illinois, without a valid liquor license in violation of CRC § 2-4-1(A).[5] During that hearing, the plaintiff argued that Order 03 was not enforceable because he was not personally served with the order. He additionally argued that the Local Liquor Commission did not meet the requirements of CRC § 2-2-3(B) that allowed the chairman to close an establishment for seven days without notice or hearing if he had reason to believe that the continued operation threatened the welfare of the community. The plaintiff stipulated that he remained open during the suspension period. He also admitted to serving alcohol from June 4, 2020, to June 8, 2020.[6]

¶ 19    On October 13, 2020, Olson issued his report and recommendations on case No. 2020-04. He found that Order 03 had been properly served on the plaintiff because the order had been served on the manager in charge of the establishment. Olson also determined that Order 03 had been issued in conformity with the City's ordinance. Specifically, he found that CRC § 2-2-3(B) gave

---

[5]According to the CRC, a valid liquor license is required to lawfully sell alcohol in the City of Carbondale. CRC § 2-4-1.

[6]Order 03 required the plaintiff to remain closed from 5 p.m. on June 4, 2020, through 5 p.m. on June 9, 2020. The plaintiff admitted to remaining open through June 8, 2020.

6

the mayor, as the chairman of the Local Liquor Commission, the authority to issue an order suspending the plaintiff's license up to seven days, and stated:

> "The purpose and scope of section CRC 2-2-3(B) and (C) is designed to provide relatively quick due process and protection to the licensee while allowing the Chairman to take action to protect the community if a need arises. I find no authority which permits a licensee to ignore an order for which the licensee disagrees. That is the sole purpose of the limited scope of the Chairman's unilateral authority and limited time for which his order is valid without a hearing. Therefore, although the licensee may disagree and the hearing officer may later find the allegations do not reach the level of a violation, the order is valid as long as it stays within the scope of the provision of CRC 2-2-3(B)."

¶ 20    Olson recommended that the plaintiff's liquor license be suspended for a time period "double the original period for which the license should have been suspended." He also recommended a fine of $1500.

¶ 21    On October 27, 2020, the Local Liquor Commission considered the report and recommendation of the hearing officer in 2020-04. Again, the commissioners rejected the hearing officer's penalty recommendations and voted to revoke the plaintiff's liquor license.

¶ 22    On October 31, 2020, the Local Liquor Commission issued its final order in case No. 2020-04 (Order 04). Order 04 found that the plaintiff sold alcohol for five consecutive days while his license was suspended, in violation of CRC § 2-4-1. The Local Liquor Commission additionally found that the plaintiff's license had previously been revoked in Order 03, and that a stay of the revocation would not have been applicable during the appeal process before the ILCC. Therefore, when the plaintiff remained open from June 4 through June 8 in violation of Order 03, the plaintiff was guilty of the charges alleged by the City in 2020-04. The Local Liquor Commission then recommended that the plaintiff's license be revoked in Order 04. The plaintiff was also ordered to pay the cost of proceedings in the amount of $700.

7

¶ 23        D. Injunctive and Declaratory Relief Proceeding in 20-CH-35

¶ 24    On October 29, 2020, the plaintiff filed the current complaint for injunctive and declaratory relief. The plaintiff requested a temporary restraining order to enjoin the defendants from closing the plaintiff's establishment during the pendency of the ILCC appeal. The plaintiff stated that his administrative appeal was expected to be delayed due to the Covid-19 pandemic. The plaintiff asserted that he would suffer irreparable harm if the Saluki Bar remained closed until the ILCC rendered a decision and he had no adequate remedy at law.

¶ 25    The plaintiff also requested that Order 03 be declared invalid from its inception. The plaintiff alleged that Order 03 was ambiguous. He argued that the language of the order required complete closure of the premises, but also seemed to indicate that his liquor license was being suspended. If only his liquor license was summarily suspended, the plaintiff claimed that his restaurant business could remain open during the suspension. Therefore, he alleged Order 03 was unclear, and applicable law did not allow for both the closure of his business and the summary suspension of his liquor license. Either the entire premises could temporarily close without the revocation of his liquor license, or his liquor license could temporarily be suspended while the establishment remained open, but not both.

¶ 26    Second, the plaintiff claimed that Order 03 did not contain the prerequisite findings "that the continued operation of the specific licensed premises" threatened the welfare of the community. Third, the plaintiff argued that Order 03 was without legal authority because the city attorney had not issued charging documents on behalf of the Local Liquor Commission. Inasmuch as there were no charging documents, and the language in Order 03 was vague, the plaintiff claimed that the order was nothing more than "some whim by the Chairman."

¶ 27 Finally, the plaintiff asserted that he was not properly served with Order 03. He claimed that the city ordinance required service upon the licensee within seven days after the order is signed. Here, the plaintiff was the licensee. Instead of serving the plaintiff, one of his employees, Danielle Steele, was served with Order 03. The plaintiff did not request specific relief regarding Order 04.

¶ 28 On November 6, 2020, the circuit court heard argument on the plaintiff's request for a temporary restraining order. According to a docket entry from that date, the court found that the plaintiff had shown irreparable harm and an inadequate remedy at law. The court determined that a temporary restraining order would preserve the status quo until the case was decided on the merits. The court issued a temporary restraining order enjoining the defendants from enforcing the revocation of the plaintiff's liquor license. The City waived the issuance of a formal order and indicated it would instruct the City law enforcement about the court's order.

¶ 29 On November 13, 2020, the defendants filed a motion to dismiss the plaintiff's complaint pursuant to section 2-619(a)(1) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(1) (West 2020)). The defendants referred to the ILCC appeal of Order 03 and stated that only the ILCC had the authority to review the decisions of the Local Liquor Commission under the Liquor Control Act of 1934 (235 ILCS 5/7-11 (West 2020)), unless an administrative rule was attacked on its face. The City argued that because the plaintiff had attacked the validity of the order, he was required to exhaust his administrative remedies before the circuit court would have subject matter jurisdiction to rule on the validity of an order.

¶ 30 On November 20, 2020, the plaintiff filed an objection to the motion to dismiss, claiming that the circuit court had subject matter jurisdiction. The plaintiff acknowledged that he had appealed Order 03 to the ILCC; however, the plaintiff was subsequently charged in a new case

9

(2020-04) with violations of Order 03. The plaintiff questioned whether the defendants could stack multiple convictions to circumvent license protections under the Liquor Control Act (235 ILCS 5/7-9 (West 2020)), which would have allowed for the Saluki Bar to remain open while the appeal of Order 03 was pending with the ILCC. Use of the subsequent conviction, as set forth in Order 04, required the licensee to "consider the suspension or revocation to be in effect until a reversal of the local liquor control commissioner's action has been issued by the State ***." 235 ILCS 5/7-9 (West 2020). The plaintiff claimed that the circuit court had jurisdiction to consider the Local Liquor Commission's use of "illegal orders over and over again with a judicial court being the only means to stop such abuse."

¶ 31    On November 23, 2020, the defendants filed a response to the plaintiff's objection to the motion to dismiss. The defendants argued that Order 03 had been appealed on August 31, 2020, and the matter was pending before the ILCC. The defendants maintained that the circuit court lacked jurisdiction where the plaintiff's only claim was whether Order 03 was valid, and this issue was before the ILCC.

¶ 32    On November 24, 2020, a hearing was held on the motion to dismiss as well as the plaintiff's request for a preliminary injunction.[7] After considering the arguments of the parties, the court determined that it had subject matter jurisdiction to consider whether an injunction should issue. The court found it did not have subject matter jurisdiction to consider the other issues raised by the plaintiff because he had not exhausted his administrative remedies. In an order entered December 2, 2020, the circuit court denied the plaintiff's request for a preliminary injunction, finding that the plaintiff had failed to show irreparable harm. The court also found that in light of the plaintiff's admission that he violated the summary suspension order, he could not prove a

_____

[7]Neither a transcript of the hearing nor a bystander's report were included in the record.

10

likelihood of success on the merits of his claim. The circuit court granted the motion to dismiss as to all issues remaining in the complaint. This appeal followed.

¶ 33                                    II. ANALYSIS

¶ 34     On appeal, the plaintiff raises new arguments, not raised before the circuit court on November 24, 2020. The plaintiff now, for the first time on appeal, challenges the validity of an ordinance and argues that CRC § 2-2-1 is invalid because it conferred powers on the mayor and commission as equal members of the Local Liquor Commission, contrary to the provisions of the Illinois Liquor Control Act of 1934 and the Illinois Constitution. Therefore, he now claims the Local Liquor Commission had no authority to issue Order 03 and "acted *ultra vires*" when the plaintiff's license was ordered revoked.

¶ 35     Where a constitutional argument is neither pled nor proved, this court need not consider it further. *Krych v. Village of Burr Ridge*, 111 Ill. App. 3d 461, 463 (1982). In *Krych*, the appellant argued on appeal that an ordinance was invalid because it improperly delegated power to the building commissioner. *Krych*, 111 Ill. App. 3d at 463. Since the appellant's theory in *Krych* was never raised before the circuit court, the court concluded that it was not preserved for appeal review. *Krych*, 111 Ill. App. 3d at 464. Having never raised or developed this issue before the circuit court, the plaintiff cannot now change his theory on appeal. It is well settled that issues not raised in the circuit court are forfeited and may not be raised for the first time on appeal. *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 14.

¶ 36     The plaintiff additionally claims that the circuit court improperly dismissed his complaint where the Local Liquor Commission violated an order issued in a related proceeding, 20-CH-31, that allowed plaintiff to retain his liquor license while his ILCC appeal was pending. Again, the record does not reveal that the plaintiff developed this issue before the circuit court. No report of

11

proceedings or bystander's report for the November 24, 2020, hearing date was provided, and this issue is not evident from the plaintiff's pleadings before the court. Therefore, any argument related to this issue is forfeited.

¶ 37   The plaintiff also claims that the circuit court erred in dismissing his complaint for lack of subject matter jurisdiction. The argument related to this claim of error is derived from the plaintiff's belief that the city ordinance was invalid. As already noted, there is no report of proceedings from which we can discern that the court considered this argument, and it is the plaintiff's burden to provide this court with a sufficiently complete record of the proceedings in the circuit court to support the claim of error. *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 319 (2003). Therefore, this issue is forfeited on review.

¶ 38   We turn now to the plaintiff's argument regarding the denial of a preliminary injunction. "A decision to grant or deny a preliminary injunction is generally reviewed for an abuse of discretion." *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52, 62-63 (2006). Here, the plaintiff claims the circuit court erred in denying his claim for injunctive relief and asserts that he stated a cause of action for irreparable harm. According to the December 2, 2020, order, the plaintiff failed to meet his burden of proving irreparable harm "because he presented no evidence on how much money he would lose if no preliminary injunction were entered."

¶ 39   The party seeking a preliminary injunction has the burden to show, by a preponderance of the evidence, "(1) that he or she has no adequate remedy at law and will be irreparably injured if the injunction is not granted; (2) that the threatened injury to him or her will be immediate, certain and great if the injunction is denied, while the loss or inconvenience to the opposing party will be comparatively small and insignificant if it is granted; (3) that granting the preliminary injunction will not have an injurious effect upon the general public; and (4) that he or she has a reasonable

12

likelihood of prevailing on the merits of the case." *New Light Cemetery Ass'n v. Baumhardt*, 373 Ill. App. 3d 1013, 1017 (2007) (citing *Illinois Housing Development Authority v. Arbor Trails Development*, 84 Ill. App. 3d 97, 102-03 (1980)).

¶ 40     The plaintiff alleged he would lose money if he was forced to close his business. He claimed that this loss of funds would cause him irreparable harm. Although we do not know what evidence was offered before the circuit court, the December order simply states that the plaintiff offered a general statement that he would lose money. Once again, without a complete record of proceedings, it is presumed that the circuit court entered its order in conformity with the law and had a sufficient factual basis to dismiss the complaint. *Illinois Founders Insurance Co. v. Williams*, 2015 IL App (1st) 122481, ¶ 39.

¶ 41     It is also worth noting that if the only allegation by the plaintiff was lost profit, the issuance of a preliminary injunction would not have been proper where the calculation of money damages could be determined. If there is a legal or equitable remedy that will make the plaintiff whole, even though it is after trial, a preliminary injunction should not issue, as there is an adequate remedy at law. *Northrop Corp. v. AIL Systems, Inc*., 218 Ill. App. 3d 951, 954 (1991). Money damages alone, capable of being calculated, do not warrant a finding of an inadequate remedy at law.

¶ 42     The plaintiff also maintains that he met his burden of showing a likelihood of success on the merits. The plaintiff, however, has repeatedly admitted that he violated the directives of Order 03 by staying open for business from June 4 through June 8. During that time, he served alcoholic beverages. This fact, alone, mitigates against his claim that he could succeed on the merits, and we agree with the circuit court's ruling on this issue.

¶ 43     Having reviewed the plaintiff's arguments related to the denial of the preliminary injunction, both parties agree that while this appeal was pending, the ILCC issued its decision on

13

the plaintiff's appeal of Order 03. Where the relief sought involves a matter that has become moot, courts are not required to review questions of a refusal to grant declaratory or injunctive relief. *Rasky v. Anderson*, 62 Ill. App. 3d 633, 636 (1978). A case is rendered moot when supervening events make it impossible for a reviewing court to grant relief to any party because an appellate ruling on the issue cannot have any practical legal effect on the controversy. *Deutsche Bank National Trust Co. v. Roman*, 2019 IL App (1st) 171296, ¶ 21. The plaintiff's request to enjoin the defendants from keeping the plaintiff's establishment closed during the pendency of the appeal to the ILCC is now moot.

¶ 44                                          III. CONCLUSION

¶ 45     For the forgoing reasons, we affirm the circuit court's decision to dismiss the complaint for declaratory relief, and we find that the plaintiff's claim for injunctive relief is moot.


¶ 46     Affirmed.