KENNETH R. HOOVER, Plaintiff-Appellee, v. KENT R. CRIPPEN *et al.*, Defendants-Appellants.

Third District   No. 3—86—0652

Opinion filed January 27, 1987.

Daniel Churchill, of Churchill & Churchill, of Moline, for appellants.

Robert J. Noe and John P. Harris, both of Bozeman, Neighbour, Patton & Noe, of Moline, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The trial court granted the preliminary injunction requested by the plaintiff, Kenneth R. Hoover, and denied the motion filed by the defendants, Kent R. Crippen, Gary K. Reid and Kenneth E. Bowen, all of whom are certified public accountants, to dissolve the preliminary injunction. The defendants appeal. We affirm.

On July 25, 1986, the defendants notified the plaintiff that they intended to withdraw from the public accounting partnership of Crippen & Hoover and to dissolve the partnership. On August 28, 1986, the plaintiff filed his "Motion for Preliminary Injunction," and notified the defendants that a hearing on his motion would be conducted at 9 a.m. on August 29, 1986. The motion's first paragraph requested entry of a temporary restraining order pursuant to section 11—101 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 11—101.) Its last paragraph referred to the issuance of a preliminary injunction.

In his motion, the plaintiff asked the court to enjoin the defendants from telling anyone that the plaintiff had retired and from using or advertising the past or present telephone numbers of Crippen & Hoover. The plaintiff further asked the court to enjoin the defendants from denying him access to a list of the names and addresses of all

clients of Crippen & Hoover since October 1, 1983, so that he could notify clients of the dissolution of the partnership. Alternatively, if a joint dissolution announcement were to be mailed to the clients, the plaintiff asked the court to determine the contents of the announcement and allocate the cost. Finally, the plaintiff asked the court to enjoin the defendants from interfering with the immediate delivery of a client's complete file to any client providing a written designation of the plaintiff as his or her accountant.

In support of his motion, the plaintiff incorporated his complaint for dissolution of the partnership and attached a signed affidavit. The complaint alleged, *inter alia*, that the partnership owned the following: valuable leases on the premises it occupied; a valuable supply of office equipment and furnishings; valuable goodwill; and large amounts of work in progress, accounts receivable and undivided profit. The affidavit alleged, *inter alia*, that substantial disputes had arisen between the plaintiff and the defendants over the liquidation of the partnership; that the defendants were continuing to use and advertise the telephone number and address for Crippen & Hoover, both of which had great value in attracting and keeping clients; that there was an immediate deadline for submission of listings for the next year's telephone directory and yellow pages and that unless prohibited by the court the defendants would continue listing the telephone numbers and address of Crippen & Hoover as their own; that the defendants had refused to agree that all of the clients of Crippen & Hoover would be notified about the dissolution of the partnership; that past and present clients of Crippen & Hoover who desired to have the plaintiff handle matters for them had been delayed and otherwise experienced difficulties in obtaining their files from the defendants; and that various persons, including clients of Crippen & Hoover, had told the plaintiff that the defendants had stated that the plaintiff had retired.

At the August 29 hearing, with two of the defendants and their attorney present, the plaintiff moved to amend his motion so that the first paragraph would request the entry of a preliminary injunction pursuant to section 11—102 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 11—102.) The trial court allowed the amendment.

No testimony but only argument was given during the hearing. Following the hearing, the court entered a preliminary injunction ordering the parties to prepare and mail within 10 days a letter notifying Crippen & Hoover's clients during the last 12 months that the partnership was dissolving. Further, the injunction barred all of the

parties from using existing telephone numbers and ordered that for 30 days all calls to the numbers would be taken by a third-party answering service and directed to the proper party. Finally, the court ordered the defendants to give any client, upon written request, his or her complete file.

On September 5, 1986, the defendants filed a motion to dissolve the preliminary injunction. Following a hearing, the trial court denied the motion. The defendants then filed the instant appeal.

On appeal, the defendants first argue that the trial court erred in granting the preliminary injunction because the plaintiff did not clearly establish that there was great necessity and extreme urgency for the requested relief.

■■■ The party seeking a preliminary injunction must establish by a preponderance of the evidence that he has no adequate remedy at law and will be irreparably injured if the injunction is not granted; that the threatened injury to him will be immediate, certain and great if the injunction is denied, while the loss or inconvenience to the opposing party will be comparatively small and insignificant if it is granted; that he has a reasonable likelihood of prevailing on the merits of the case; and that granting the preliminary injunction will not have an injurious effect upon the general public. (*Illinois Housing Development Authority v. Arbor Trails Development* (1980), 84 Ill. App. 3d 97, 404 N.E.2d 1097.) The applicant for a preliminary injunction need not make out a case which will entitle him to the ultimate relief he seeks, but need raise only a fair question as to the existence of the right claimed, making it appear advisable that the positions of the parties should remain the same until the court has an opportunity to consider the case on its merits. (*Shappert v. Roettger* (1976), 36 Ill. App. 3d 452, 343 N.E.2d 695.) For purposes of entitlement to a preliminary injunction, the loss of customers and sales and the threat of continuation of such losses to a legitimate business interest are sufficient to show that the business will suffer irreparable injury, with no adequate remedy at law, unless protected by the court. (*Eagle Books, Inc. v. Jones* (1985), 130 Ill. App. 3d 407, 474 N.E.2d 444.) The decision of whether to grant or deny a preliminary injunction rests within the sound discretion of the trial court; appellate review is restricted to determining whether the trial judge correctly exercised his broad discretionary powers. *Central Building & Cleaning Co. v. Vodnansky* (1980), 84 Ill. App. 3d 586, 406 N.E.2d 32.

■ In the instant case, the plaintiff stood to suffer irreparable harm, with no adequate remedy at law, every day that his existing and potential clients either believed he was still with Crippen &

Hoover or did not know how to reach him at his new location. Given that the record indicates that the defendants intended to transfer Crippen & Hoover's telephone number to their new partnership of Crippen, Reid & Bowen, and that the defendants had complete control of the partnership funds, equipment and records, the trial court correctly ordered that no party should retain use of the partnership's telephone number, that the defendants should pay their share of the cost of mailing a dissolution notice, and that the court would stand as final arbitrator of the wording of the notice.

■ The defendants' second argument on appeal is that the plaintiff's affidavit allegations were conclusionary and verified only on information and belief.

We first note that there is disagreement among Illinois appellate courts regarding whether a petition for a preliminary injunction must be verified. (Compare *County of Lake v. X-Po Security Police Service, Inc.* (2d Dist., 1975), 27 Ill. App. 3d 750, 327 N.E.2d 96, with *Phelan v. Wright* (1st Dist., 1964), 54 Ill. App. 2d 178, 203 N.E.2d 587.) The statute which took effect on January 1, 1986, makes no mention of verification. (See Ill. Rev. Stat. 1985, ch. 110, par. 11—102.) The prior statute specifically required verification only where no notice was given to the defendant. See Ill. Rev. Stat. 1983, ch. 110, par. 11—102.

We do not, however, find it necessary to resolve this dispute. The defendants rely first on the plaintiff's failure to include a statement that the affidavit was executed under his personal knowledge and that he could competently testify from his own knowledge as to the matters recited therein, and second on the conclusionary nature of the statements in the affidavit.

Technical deficiencies do not render affidavits improper; substance, not form, controls. If it appears that an affidavit is based on the personal knowledge of the affiant and a reasonable inference is that the affiant could competently testify to the contents of the affidavit at trial, there is no requirement that the affiant specifically attest to these facts. *Mount Prospect State Bank v. Forestry Recycling Sawmill* (1980), 93 Ill. App. 3d 448, 417 N.E.2d 621.

We will not reverse the trial court's decision simply because the plaintiff failed to include a personal knowledge statement in his signed affidavit.

Further, we note that every aspect of the instant order, except that regarding client files, was based upon factual allegations. Regarding the order concerning the client files, the defendants correctly point out that the plaintiff's allegations were inadequate. However, the defendants had no right to refuse to give the plaintiff's clients

their files upon written request. If the defendants were, in fact, refusing to provide clients with their requested files, the injunction was proper. If they were not refusing to do so, the injunction was merely superfluous. Accordingly, we will let it stand.

■ The defendants' third argument on appeal is that the trial court erred in granting the preliminary injunction because it thereby gave the plaintiff all of the relief he could have obtained in a final decree. See *Knuppel v. Adams* (1973), 12 Ill. App. 3d 708, 298 N.E.2d 767.

We find no merit in the defendants' argument. The record shows that the plaintiff has a proprietary interest in the partnership and its assets. The instant preliminary injunction merely maintained the status quo, as best as possible, until disposition of that interest.

■ The defendants lastly argue both that they did not have proper notice of the plaintiff's request for a preliminary injunction and that the injunction should not have been granted without the plaintiff's posting a bond.

We first find no merit in the notice argument. Two of the defendants were present at the hearing on the motion, as was the attorney representing all three defendants. They received actual notice of the plaintiff's motion to amend to request a preliminary injunction and were given adequate opportunity to oppose it. The trial court did not err.

■ As for the bond, when a preliminary injunction order is issued after notice and hearing, it is not error for the trial court to issue the injunction without bond. Failure to request a bond or object to the lack of a bond constitutes waiver of the necessity for a bond. (*K. F. K. Corp. v. American Continental Homes, Inc.* (1975), 31 Ill. App. 3d 1017, 335 N.E.2d 156.) At the hearing on the plaintiff's motion, the defendants did not request a bond or object to the lack of a bond. They have waived the issue.

The judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.