CLIFTON, GUNDERSON & COMPANY, a Partnership, Plaintiff-Appellant,
v. EUGENE F. RICHTER, Defendant-Appellee.

Third District   No. 3—87—0092

Opinion filed July 31, 1987.

Richard A. Palmer, of Ward, Murray, Pace & Johnson, P.C., of Sterling, for appellant.

Thomas Senneff, of Fulton, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff certified public accounting (CPA) firm, Clifton, Gunderson & Company, sued its former employee, the defendant Eugene F. Richter, for violating a no-compete clause in his employment contract with the firm. The firm also sought a preliminary injunction against the employee's violating the clause. The firm brought this appeal from the court's denial of a preliminary injunction. We reverse.

The employee is not a CPA; the firm employed him as a staff accountant. While working at the firm, the employee did bookkeeping, tax returns, farm tax client interviewing, individual and corporate tax returns, and audit support work. He was responsible for various firm clients.

The employee worked at the firm part time from 1972 to 1974 and full time both from 1974 to 1976 and from 1977 to 1986. In his 1976 to 1977 absence from the firm, the employee was employed by a car dealer. In 1977 and thereafter, the employee's written employment contract with the firm included the following no-compete clause:

"6. The Employee hereby agrees that for a period three years after the termination of employment hereunder, either voluntarily or involuntarily, will not on the Employee's own account or as a member of any firm or on behalf of another Employer, or otherwise, directly or indirectly, work as a Certified Public Accountant, Tax Preparer or Consultant, Accountant, Auditor, or Bookkeeper for or solicit such business within a ra-

dius of 27 miles of Clinton or DeWitt, Iowa. The Employee further agrees that for a period of three years after the termination of employment hereunder, either voluntarily or involuntarily, will not on the Employee's own account or a member of any firm, or on behalf of another Employer, or otherwise, directly or indirectly, perform services as a Certified Public Accountant, Tax Preparer or Consultant, Accountant, Auditor, or Bookkeeper for or solicit any client of the Employer. The Employee further agrees to pay on demand to the Employer as liquidated damages for any violation of this paragraph as follows:

(a) One-half (1/2) of the amount of fees paid by such client to Employer during the past 24 months, if such client discontinues placing all of the same work with Employer.

(b) If only solicitation occurs and client remains with Employer, damages are hereby agreed to be in the amount of $500 for each solicitation.

The above does not prevent the Employee from accepting employment on a full-time basis for a firm in private industry, including clients within the territory outlined above."

Approximately one month after he voluntarily left the firm's employment in 1986, the employee set up and advertised a business in his home, approximately two miles from Clinton, Iowa. The business was organized to do bookkeeping, payroll taxes and reports, individual and business taxes, and farm records and taxes. A partner of the firm testified that the employee's new business had solicited or received commitments of future work from former firm clients. The employee's business also had performed accounting services for former firm clients. The partners cited one bankruptcy estate accountant's letter which the employee had prepared in his business, three former clients whom the employee had contacted regarding his new business, and an unspecified number of corporate tax clients who had informed the firm of their intent to hire the employee rather than the firm.

In denying the preliminary injunction, the court emphasized that the firm had an adequate legal remedy given the liquidated damages provision and the no-compete clause. Thereafter, the court denied the firm's motion for reconsideration and again referred to the liquidated damages clause. It also noted that the instant no-compete clause prohibited a broad range of activities and was in some sense onerous.

On appeal, the firm argues that the court abused its discretion in denying a preliminary injunction. The firm argues that the no-compete clause is enforceable, that the employee is knowingly in continuing breach of the clause, and that the court had no legally valid basis

to deny the preliminary injunction. According to the firm, the court improperly denied relief with reference to the liquidated damages clause.

■■ ■ A party seeking a preliminary injunction must establish by a preponderance of the evidence: (1) that he has no adequate remedy at law and will be irreparably injured if the injunction is not granted; (2) that the threatened injury to him will be immediate, certain, and great if the injunction is denied, while the loss or inconvenience to the opposing party will be comparatively small and insignificant if it is granted; (3) that he has a reasonable likelihood of prevailing on the merits of the case; and (4) that granting the preliminary injunction will not be injurious to the general public. (*Hoover v. Crippen* (1987), 151 Ill. App. 3d 864, 867, 503 N.E.2d 848.) Whether to grant a preliminary injunction is within the sound discretion of the trial court; an appellate court may disturb the decision of the trial court only if the court abused its discretion. *Eagle Books, Inc. v. Jones* (1985), 130 Ill. App. 3d 407, 474 N.E.2d 444.

The evidence clearly shows that upon voluntarily leaving the firm's employment, the employee immediately began violating the no-compete clause in his employment contract with the firm. For at least the last nine years of his employment with the firm, the employee's employment contract, which apparently was renegotiated annually, included that clause.

The employee's violation of the clause was extreme. It began within one month; the employee located his new business office approximately two miles from one of the prohibition centers; he engaged in all the kinds of accounting work for which he was qualified after his years with the firm; and he both solicited work from and directly worked for firm clients. As a result of the employee's conduct he is in direct competition with the firm.

■■ Through his competition, the employee clearly is injuring the firm and its established client relations. He does so from a position of influence which he gained solely through his employment and client contact at the firm. Given the firm's protectable interest in the clientele with which it apparently had established long-term individual relationships, irreparable injury caused by the employee's establishment of a competing business to solicit and serve firm clients is presumed. *McRand, Inc. v. van Beelen* (1985), 138 Ill. App. 3d 1045, 486 N.E.2d 1306.

While the firm's injury began immediately upon the employee's establishment of an effective competing business, its injury is ongoing and great. With each passing day, the employee's competing business

further erodes the firm's client base and profit. Furthermore, contrary to the apparent finding of the trial court, the instant liquidated damages provision is no bar to injunctive enforcement of the no-compete clause. The employment agreement contemplates injunctive relief to prevent ongoing violations as well as damages for past violations. See *McRand, Inc. v. van Beelen* (1985), 138 Ill. App. 3d 1045, 486 N.E.2d 1306.

■ Considering those factors, the likelihood of the firm's prevailing on the merits, and the general availability to the public of the business services which the employee has been providing in violation of the no-compete clause, we find that the court's denial of a preliminary injunction was an abuse of discretion. While we need not decide whether the instant no-compete clause was enforceable either in full or in part (see 138 Ill. App. 3d 1045, 486 N.E.2d 1306), we find a reasonable possibility of the firm's success in its underlying injunctive action.

The instant no-compete clause was a continuing condition of the employee's longest and latest period of employment with the firm. Only by agreeing to it did the employee gain the sort of trusted, close client contact which facilitated his current competing business. Although there are some services provided by the firm which the employee, as a non-CPA, cannot provide, the employee's new business is clearly in direct competition with the firm. He is apparently making himself available to do all the various types of work for which he was employed by the firm. Additionally, we note that the clause's prohibition of competing work by the employee was limited both in time and in territory. Further, while issuance of a preliminary injunction will limit the work which the employee may do, the instant no-compete clause, *inter alia*, specifically allows the employee to freely secure full-time employment within private industry.

Based on the foregoing, the judgment of the circuit court of Whiteside County is reversed. The cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY, P.J., and STOUDER, J., concur.