FIFTH DIVISION
MAY 25, 2007

1-06-1294

NEW LIGHT CEMETERY ASSOCIATION, )
an Illinois Not-For-Profit Corporation, )      Appeal from the
     )      Circuit Court of
     Plaintiff-Appellant, )      Cook County.
     )
     v. )      No. 06 CH 2458
     )
CAROLYN BAUMHARDT, )
RICHARD HOFFMAN, and )      The Honorable
R. HOFFMAN & SONS, INC., )      Sophia Hall,
an Illinois Corporation, )      Judge Presiding.
     )
     Defendants-Appellees. )

JUSTICE TULLY delivered the opinion of the court:

Following a hearing, the circuit court denied a motion for a preliminary injunction filed by

plaintiff-appellant, New Light Cemetery Association (New Light Cemetery), and granted a motion

for a directed finding filed by defendants-appellees, Carolyn Baumhardt, Richard Hoffman, and R.

Hoffman & Sons, Inc. (R. Hoffman & Sons). New Light Cemetery's motion for a preliminary

injunction sought to recover cemetery-related records that were maintained by R. Hoffman &

Sons and its employees during the time that they served as New Light Cemetery's caretaker and

that were taken from the cemetery by R. Hoffman & Sons when it resigned as the cemetery's

caretakers in January 2006. On appeal, New Light Cemetery asserts that the circuit court erred

when it denied New Light Cemetery's motion for a preliminary injunction and granted R. Hoffman

& Sons' motion for a directed finding because New Light Cemetery satisfied all of

the elements for a preliminary injunction, including a showing of a reasonable likelihood of prevailing on the merits of the case. For the following reasons, we reverse and remand with directions.

## BACKGROUND

New Light Cemetery, a not-for-profit corporation, operates a Jewish cemetery in Lincolnwood, Illinois. R. Hoffman & Sons, an Illinois corporation, was retained by New Light Cemetery approximately 30 years ago to serve as the caretakers for the Lincolnwood cemetery. Throughout their nearly 30-year relationship, the parties operated pursuant to an oral agreement, which could be terminated at the will of either party. Carolyn Baumhardt, who has been an R. Hoffman & Sons employee for the nearly 30 years that R. Hoffman & Sons provided caretaking services for the Lincolnwood cemetery, was also named as a defendant in the action brought by New Light Cemetery. Pursuant to her employment with R. Hoffman & Sons, Baumhardt was assigned to provide caretaking services at the Lincolnwood cemetery and she was responsible for maintaining cemetery-related records, including cemetery-related records regarding where people were buried presently and where people were to be buried in the future.

When Baumhardt first began providing caretaking services at the cemetery, the cemetery's prior caretaker delivered cemetery-related records to Baumhardt. The records Baumhardt received from the prior caretaker contained information regarding where people were buried and information regarding the ownership of both the occupied and the unoccupied grave sites. According to Baumhardt, the records she received from the previous caretaker were in poor

condition. As a result, Baumhardt copied the records into a new, green notebook and she disposed of the original records. Over the next 30 years, Baumhardt updated the cemetery's records by updating the green notebook. In addition to creating and maintaining the green notebook, Baumhardt stored the cemetery's records both in a separate spiral notebook and on the hard drive of a computer owned by R. Hoffman & Sons. Furthermore, Baumhardt maintained a map of the cemetery. The map apparently was given to Baumhardt by New Light Cemetery, and Baumhardt documented the names of the people who were buried in each grave site and often referred to the map to assist her in her duties as caretaker of the cemetery.

On January 17, 2006, R. Hoffman & Sons resigned as caretakers of the cemetery. While the record is unclear as to the circumstances surrounding R. Hoffman & Sons' resignation, it appears that the parties did not amicably part ways. According to Baumhardt's testimony, at the time R. Hoffman & Sons resigned as caretakers, the computer on which Baumhardt had maintained the cemetery-related information was undergoing repairs at a computer repair shop. At some point, R. Hoffman & Sons instructed the computer repair shop to destroy the computer's hard drive and, therefore, New Light Cemetery was never given access to the cemetery-related information stored on R. Hoffman & Sons' computer.

In addition to its inability to access the computer's hard drive, New Light Cemetery has been unable to access any of the other cemetery-related information maintained by Baumhardt during her time as the cemetery's caretaker. Baumhardt testified that recently she destroyed the spiral notebook in which the cemetery-related information was stored. Furthermore, R. Hoffman

1-06-1294

& Sons has refused to provide New Light Cemetery with the information Baumhardt gleaned from the records she received from the previous caretaker, which Baumhardt transferred into the green notebook and subsequently updated during the approximately 30 years she served as the cemetery's caretaker. Finally, R. Hoffman & Sons has refused to provide New Light Cemetery with a copy of the map of the cemetery, which New Light Cemetery originally gave to Baumhardt and which Baumhardt maintained as part of her duties as caretaker.

After R. Hoffman & Sons resigned as caretakers and refused to provide New Light Cemetery with the cemetery-related records, New Light Cemetery hired Norman Schwartz, the former president of the Jewish Historical Society, to prepare a new map of the cemetery. In an effort to achieve an accurate and complete map of the cemetery, Schwartz walked through the cemetery and took measurements of each grave site. The map and records prepared by Schwartz, however, could not provide New Light Cemetery with information regarding the ownership of unoccupied grave sites. As such, New Light Cemetery asserts that it has no information regarding where people are to be buried in the future. According to New Light Cemetery, the absence of information regarding ownership of unoccupied grave sites has led to a number of serious problems; on one occasion, New Light Cemetery attempted to bury a deceased in a grave site that was already occupied by the deceased's husband when, in fact, the deceased was supposed to be buried in an adjacent grave site.

In an effort to obtain the contents of the green notebook and other cemetery-related information maintained by Baumhardt and R. Hoffman & Sons during their time as the

4

cemetery's caretakers, New Light Cemetery filed suit in the circuit court of Cook County seeking both money damages for conversion and injunctive relief. In bringing the suit, it asserted that the green notebook and other cemetery-related records were prepared by Baumhardt and R. Hoffman & Sons for New Light Cemetery's benefit and were New Light Cemetery's property. New Light Cemetery also filed a motion for entry of a preliminary injunction, asserting that, in August 2005, it had provided R. Hoffman & Sons with written caretaker guidelines, which confirmed that the cemetery-related records maintained by R. Hoffman & Sons and its employees were New Light Cemetery's property. Further, New Light Cemetery asserted that it would experience irreparable harm if the preliminary injunction was not granted in that, in the absence of the cemetery-related records in R. Hoffman & Sons' possession, New Light Cemetery has been unable to confirm where people are to be buried. Following a hearing, the circuit court denied New Light Cemetery's motion for a preliminary injunction and granted R. Hoffman & Sons' motion for a directed finding. New Light Cemetery's timely appeal follows.

DISCUSSION

On appeal, New Light Cemetery asserts that the circuit court erred when it denied its motion for a preliminary injunction and when it granted R. Hoffman & Sons' motion for a directed finding. Specifically, New Light Cemetery asserts that the circuit court abused its discretion because New Light Cemetery satisfied all of the requirements necessary for a preliminary injunction, including a showing of a reasonable likelihood of success on the merits. We agree.

The party seeking a preliminary injunction must establish by a preponderance of the evidence (1) that he or she has no adequate remedy at law and will be irreparably injured if the injunction is not granted; (2) that the threatened injury to him or her will be immediate, certain and great if the injunction is denied, while the loss or inconvenience to the opposing party will be comparatively small and insignificant if it is granted; (3) that granting the preliminary injunction will not have an injurious effect upon the general public; and (4) that he or she has a reasonable likelihood of prevailing on the merits of the case. Illinois Housing Development Authority v. Arbor Trails Development, 84 Ill. App. 3d 97, 102-03 (1980). The decision of whether to grant or deny a preliminary injunction is reviewed under an abuse of discretion standard. Central Building & Cleaning Co. v. Vodnansky, 84 Ill. App. 3d 586, 588 (1980).

In this case, it is clear that New Light Cemetery established the first three elements for the issuance of a preliminary injunction by showing, inter alia, that the absence of the cemetery-related records has led to serious problems, such as nearly burying a deceased in a grave site already occupied by the deceased's husband. First, New Light Cemetery has demonstrated that it will be irreparably injured if its motion for a preliminary injunction is not granted in that it has no way of knowing where to bury a deceased who purchased a grave site during the 30 years R. Hoffman & Sons served as the cemetery's caretakers. Second, New Light has shown that the injury will be immediate, certain and great if the injunction is denied in that it cannot wait until the outcome of the trial to bury a deceased; the burials must occur immediately and the burials must be safe and accurate. On the contrary, the loss or inconvenience to R. Hoffman & Sons will

be comparatively small and insignificant if the preliminary injunction is granted in that R. Hoffman & Sons simply will be forced to provide records for a cemetery to which it no longer has any connection. Third, New Light Cemetery has established that granting the preliminary injunction will not have an injurious effect upon the general public. In fact, New Light Cemetery has demonstrated that the *denial* of the preliminary injunction would result in harm to the public in that, without the cemetery records, New Light Cemetery is unable to provide safe and efficient burials.

The only element in dispute, therefore, is the element requiring a showing of a likelihood of success on the merits; indeed, while there is no written order specifying the basis for the circuit court's decision, this record confirms that the parties agreed that the main issue in dispute was whether New Light Cemetery had demonstrated a reasonable likelihood of success on the merits. In their complaint, New Light Cemetery sought both a permanent injunction and money damages for conversion. In order to be entitled to a permanent injunction, the party seeking the injunction must demonstrate: (1) a clear and ascertainable right in need of protection; (2) that he or she will suffer irreparable harm if the injunction is not granted; and (3) that there is no adequate remedy at law. In re Marriage of Seffren, 366 Ill. App. 3d 628, 637 (2006), citing Sparks v. Gray, 334 Ill. App. 3d 390, 395 (2002). In addition, " ' [t]o prove conversion, a plaintiff must establish that (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership

over the property. ' " Film & Tape Works, Inc. v. Junetwenty Films, Inc., 368 Ill. App. 3d 462, 475 (2006), quoting Cirrincione v. Johnson, 184 Ill. 2d 109, 114 (1998). After carefully reviewing this record, we must conclude that New Light Cemetery has overwhelmingly satisfied its burden of demonstrating a likelihood of success on the merits of its cause of action for both a permanent injunction and conversion. Most notably, we are persuaded that New Light Cemetery has demonstrated a likelihood of success on the merits for both causes of action in that Baumhardt, in her capacity as R. Hoffman & Sons' employee and acting as a caretaker for the cemetery, made a copy of the records she received from the previous caretaker and disposed of the original records. Despite the fact that Baumhardt was personally responsible for disposing of the original records provided by the previous caretaker, R. Hoffman & Sons maintains that the copy of those records is its property rather than New Light Cemetery's property. While it is clear that Baumhardt was R. Hoffman & Sons's employee rather than New Light Cemetery's employee, the fact remains that Baumhardt was responsible for disposing of the only existing cemetery-related records, which she had received from the cemetery's previous caretaker. This fact, in and of itself, suggests that the contents of the green notebook are New Light Cemetery's property and confirms that New Light Cemetery has satisfied it's burden of demonstrating a likelihood of success on the merits. See Shappert v. Roettger, 36 Ill. App. 3d 452, 456 (1976) (the applicant for a preliminary injunction need not make out a case that will entitle him or her to the ultimate relief he or she seeks; rather, he or she must raise only a fair question as to the existence of the right claimed pending a full hearing on the merits). Faced with this record, we must conclude the

8

circuit court abused its discretion when it denied New Light Cemetery's motion for a preliminary injunction in that all of the requirements, including a likelihood of success on the merits, were satisfied by strong and convincing evidence.

Finally, we note that the purpose of a preliminary injunction is to preserve the status quo pending the outcome of the full litigation of the issues involved in the underlying dispute. Indeed, "[w]hile preliminary injunctions are not favored by the courts, aversion to them is heightened where granting such relief would be to give the relief that could be obtained only after a hearing on the merits." Illinois Housing Development Authority, 84 Ill. App. 3d at 103. Here, the sole question in the underlying case is, to whom do the cemetery-related records belong? We recognize that if New Light Cemetery's motion for a preliminary injunction is granted and it receives the cemetery-related records, the status quo likely would not be maintained. On the contrary, full litigation of the issues involved in the underlying dispute may be unnecessary because once New Light Cemetery has been given possession of the green notebook and the other cemetery-related information prepared by Baumhardt and other R. Hoffman & Sons employees, it would be free to make a copy of those records and the disputed issues would be rendered moot. In fact, this record confirms that the circuit court judge understood this quandary when she stated that if R. Hoffman & Sons were forced to provide New Light Cemetery with the requested cemetery-related records, that would, "in essence, [resolve] the entire case that's in front of the court."

In an effort to avoid the potential problem of rendering moot the issues in dispute in the

underlying case, courts have ordered third parties to hold the records in question. This allows the party seeking the preliminary injunction to have limited access to the information to the extent necessary to avoid the harm the preliminary injunction seeks to avoid, yet maintains the status quo pending a hearing on the merits. See Hoover v. Crippen, 151 Ill. App. 3d 864, 867-68 (1987) (granting preliminary injunction barring all of the parties from using the partnership's telephone numbers, but ordering that for 30 days, all calls to the partnership's numbers would be taken by a third-party answering service and directed to the proper party). In order to avoid the potential problem of rendering moot the issues in this case, we believe it is necessary for either the circuit court or a third party approved by the circuit court to take possession of the green notebook and other relevant cemetery-related records at issue in this case and to provide New Light Cemetery with limited access to the information to the extent necessary to safely conduct the burial process pending the outcome of a trial on the merits.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and remanded with directions.

Reversed and remanded with directions.

O'MARA FROSSARD and GALLAGHER, JJ., concur.