2025 IL App (1st) 242068-U

SECOND DIVISION
March 18, 2025

No. 1-24-2068

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, A corporation established pursuant to 12 U.S.C. § 1719, *et seq.*, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | No. 24 CH 4996 |
| DL WOODLAWN I, LLC, an Illinois limited liability company, | ) ) ) | |
| Defendant-Appellant | ) ) ) | |
| (CITY OF CHICAGO, an Illinois municipal corporation, UNKNOWN OWNERS, and NON-RECORD CLAIMANTS, | ) ) ) ) | The Honorable |
| Defendants). | ) ) | Lloyd James Brooks, Judge Presiding. |

_____

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Van Tine and Justice Ellis concurred in the judgment.

ORDER

¶ 1    *Held*:   We affirm the judgment of the circuit court of Cook County granting plaintiff's motion to appoint a receiver in this action to foreclose a nonresidential mortgage; the trial court properly overruled defendant-mortgagor's objection to service of process regardless of whether service was proper where plaintiff-mortgagee submitted an affidavit in support of plaintiff's motion thereby satisfying the requirements to appoint a receiver *ex parte*.

¶ 2    Plaintiff, Federal National Mortgage Association (Fannie Mae), "by and through its attorneys, Foley & Lardner, LLP," filed a verified Complaint for Foreclosure and Other Relief (foreclosure complaint) against defendant, DL Woodlawn I, LLC (Woodlawn). The other defendants named in the verified complaint are not parties to this appeal. Plaintiff filed a Motion for Appointment of Receiver. The circuit court of Cook County granted plaintiff's motion for appointment of receiver. Defendant appeals on the ground the trial court erroneously relied on the allegations in the verified complaint, rather than an affidavit or other sworn evidence as required by statute, when issuing the *ex parte* order appointing a receiver. Defendant also argues that the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1101 *et seq.* (West 2024)) prohibits *ex parte* orders appointing a receiver.

¶ 3    For the following reasons, we affirm.

¶ 4                                    BACKGROUND

¶ 5    We limit our discussion to only those matters relevant to the issues on appeal. On May 28, 2024, plaintiff, the Federal National Mortgage Association (Fannie Mae), by and through its attorneys, Foley & Lardner, LLP, filed a "Verified Complaint for Foreclosure and Other Relief" against defendant, DL Woodlawn I, LLC (Woodlawn or Borrower). The complaint seeks to foreclose a mortgage secured by real property in the form of four multi-family apartment buildings. The complaint alleges that "the Note and Mortgage are in default because *** Borrower 1) failed to make monthly debt service payments due under the Note and Mortgage *** and 2) failed to address certain building code violations within 20 days of notice from Fannie Mae." The complaint has attached and incorporated the Note and Mortgage. The complaint states the date of the initial default and that two notices of default were sent to Borrower and has the notices of default attached and incorporated. The complaint also alleges

"Facts in support of a request *** for appointment of receiver." In that regard the complaint alleges that "Section 3(e) of the Mortgage provides for the appointment of a receiver in the case of the occurrence of an Event of Default (as defined therein) thereunder." The complaint alleges that Borrower has defaulted under the Note and Mortgage as set forth in the verified complaint and that Fannie Mae seeks the appointment of a receiver. Also attached to the verified complaint are the verifications of James Noakes and Patricia McHugh. Both verifications are certified pursuant to section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2024)) and both are subscribed and sworn to by a Notary Public.

¶ 6    Noakes is a Senior Asset Manager for Fannie Mae. Noakes' verification states that based on a review of documents and information provided by the servicer of the loan to Woodlawn, Noakes has personal knowledge concerning the facts alleged in the verified complaint, including the general allegation that the Note and Mortgage are in default, and why, but specifically excluding the separate "Statement as to defaults including *** date of default, current unpaid principal balance, *per diem* interest accruing, and any further information concerning the default" (which included a description of charges and fees Borrower incurred that constitute "an additional indebtedness secured by the Mortgage"). Noakes certified under penalties provided by section 1-109 that the allegations are true and correct.

¶ 7    McHugh is the Director of Lument, which is the servicer for the loan to Woodlawn. McHugh stated that they have personal knowledge concerning the facts alleged in the verified complaint specifically as to the separate "Statement as to defaults including *** date of default, current unpaid principal balance, *per diem* interest accruing, and any further information concerning the default" (which included a description of charges and fees Borrower incurred that constitute "an additional indebtedness secured by the Mortgage"). McHugh certified under the

penalties provided by section 1-109 that those allegations are true and correct to the best of McHugh's knowledge, information, and belief.

¶ 8 On June 28, 2024, plaintiff filed a Motion for Appointment of Receiver pursuant to sections 1701, 1704, and 1706 of the Foreclosure Law. The motion incorporated by reference the verified complaint and stated that the verified complaint "is being served upon Borrowers at the same time as this Motion." The motion alleged that the property is non-residential real estate under the Foreclosure Law and that the Note and Mortgage are in default stating the same reasons alleged in the verified complaint. The motion alleged that "[b]ease of these Events of Default, [Fannie Mae] has the right to the appointment of a receiver ***." The motion quoted section 3(e) of the Mortgage, which provides, in pertinent part, that "if an Event of Default has occurred *** Lender may apply to any court having jurisdiction for the appointment of a receiver ***. If Lender elects to seek the appointment of a receiver *** Borrower, by its execution of this Security Instrument, expressly consents to the appointment of such receiver including the appointment of a receiver *ex parte*, if permitted by applicable law."

¶ 9 The motion alleged that the defaults alleged in the motion and verified complaint constitute a default under the terms of the Loan Agreement. The motion cited the verifications attached to the verified complaint and asserted that Fannie Mae "has established a proven default and shown that there is a reasonable probability that [Fannie Mae] will prevail on a final hearing in this case." The motion states that Fannie Mae "will serve this Motion in accordance with Section 1706(d) of the [Foreclosure Law."] Plaintiff attached a Notice of Motion and Certificate of Service to the motion. The Certificate of Service states that counsel caused a copy of the Notice of Motion and motion "to be placed with process server and serve[d] upon" Woodlawn.

¶ 10    On July 19, 2024, plaintiff filed an Affidavit of Special Process Server. The affidavit states that on July 2, 2024, the special process server served Woodlawn by corporate service by leaving a copy of the mortgage foreclosure summons, notice of motion, motion for appointment of receiver, and verified complaint for foreclosure by leaving a copy with Woodlawn's registered agent. The special process server certified the affidavit pursuant to section 1-109 of the Code.

¶ 11    On September 2, 2024, defendant filed "Defendant's Objection to Plaintiff's Motion to Appoint a Receiver." Defendant's objection argued that when a defendant has been served pursuant to section 15-1706(a) of the Foreclosure Law the trial court may consider a sworn pleading as support for appointment of a receiver. However, defendant argued it had not been properly served. Because it had not been properly served, defendant argued the Foreclosure Law requires sworn evidence, and the sworn pleadings relied upon by plaintiff are not sufficient. The objection states that, "Pursuant to section 15-1706(d), the trial court could rule on Plaintiff's motion even without service on defendant if defendant was 'in default *or* if [plaintiff] show[ed] good cause by *affidavit* or other *sworn evidence*.' [Citation.]" (Emphases in original.) The objection argued that "allegations in a verified complaint, which is all [Fannie Mae] relies on in its motion, is not evidence."

¶ 12    Simultaneously, on September 3, 2024, defendant filed "Defendant's Motion to Quash Service." The motion to quash stated that it was brought pursuant to section 2-301 of the Code (735 ILCS 5/2-301 (West 2024)). The motion to quash alleged that "prior to serving the Defendant's registered agent, the Plaintiff's special process [server] was not first appointed by the Court" and "[n]o order appointing a special process server exists in the record." Thus, the motion to quash argued, service of process is defective "because it was served in Cook County, Illinois by a special process server who was not first appointed by the Court." The sole ground to

quash service argued in the motion to quash is that "the special process server who served the Defendant was not first appointed by the Court."

¶ 13 On October 9, 2024, the trial court entered a written order appointing a receiver for the subject property. The trial court's order found, in pertinent part, that "due notice of the motion has been given pursuant to 735 ILCS 5/15-1706(d). Based on the allegations of the Complaint, the terms and provisions of the Mortgage and Notes, and the motion to appoint a receiver, there is a reasonable probability that Fannie Mae will prevail on a final hearing in this matter. Defendant has not shown good cause why a receiver should not be appointed." In a separate order the trial court denied the motion to quash, "the Court having found that [Woodlawn] was properly served." On October 21, 2024, defendant filed an Amended Notice of Interlocutory Appeal from "[t]he trial court's order of October 9, 2024, which granted Plaintiff's motion to appoint receiver."

¶ 14 This appeal followed.

¶ 15                                    ANALYSIS

¶ 16 This is an interlocutory appeal of an order granting a motion to appoint a receiver in a commercial foreclosure action. The trial court did not hold "a full evidentiary hearing on [the] motion to appoint a receiver," therefore, "the proper standard of review is *de novo.*" *Bank of America, N.A. v. 108 N. State Retail LLC*, 401 Ill. App. 3d 158, 165 (2010). The parties' arguments require us to construe the receivership provisions of the Foreclosure Law.

> "When construing a statute, the primary goal is to ascertain and give effect
> to the legislature's intent as reflected in the plain and ordinary meaning of the
> statutory language itself. [Citation.] *** [A] court must give effect to every word,
> clause, and sentence of a statute if possible, and no part should be rendered

superfluous. [Citation.] *** We review questions of statutory construction *de novo*. [Citation.]" *LOMTO Federal Credit Union v. 6500 W. LLC*, 2018 IL App (1st) 173106, ¶ 13.

*De novo* review means "we perform the same analysis that a trial judge would perform." *Forest Preserve District of Cook County v. Royalty Properties, LLC*, 2018 IL App (1st) 181323, ¶ 23.

¶ 17    Section 15-1701 of the Foreclosure Law provides that,

"[p]rior to the entry of a judgment of foreclosure:

if (i) the mortgagee is so authorized by the terms of the mortgage or other written instrument, and (ii) the court is satisfied that there is a reasonable probability that the mortgagee will prevail on a final hearing of the cause, the mortgagee shall upon request be placed in possession of the real estate, except that if the mortgagor shall object and show good cause, the court shall allow the mortgagor to remain in possession." 735 ILCS 5/15-1701(b) (West 2024).

¶ 18    "[A] proven default establishes a reasonable probability of success in a mortgage foreclosure action." *Mellon Bank, N.A. v. Midwest Bank & Trust Co.*, 265 Ill. App. 3d 859, 869 (1993). Our court has held that an affidavit from a mortgagee is sufficient to establish a "reasonable probability of success" in a foreclosure action. *Wells Fargo Bank, National Ass'n v. Blue Island Plaza, LLC*, 2015 IL App (1st) 142923-U, ¶ 48 (citing *Mellon Bank, N.A.*, 265 Ill. App. 3d at 869). "[S]ection 15-1701 *** evince[s] a statutory presumptive right to possession in favor of the mortgagee in nonresidential real estate foreclosure actions." *Mellon Bank, N.A.*, 265 Ill. App. 3d at 866.

¶ 19    The request to appoint a receiver "may be made by motion" and "shall be supported by affidavit or other sworn pleading." A hearing on the request is required unless "no objection to

the request is made prior to the time specified for the hearing" in which case "the court shall rule without a hearing." 735 ILCS 5/15-1706(c) (West 2024). Notice of the hearing must be given "to all *other* parties." (Emphasis added.) 735 ILCS 5/15-1706(c) (West 2024). "[I]f the mortgagor has not been served with the complaint, the mortgagor must be served [with the request] in the same manner as required for service of process." 735 ILCS 5/15-1706(d) (West 2024).

¶ 20　The statute also provides for the *ex parte* appointment of a receiver when a party has not been served: "Notwithstanding anything in the foregoing sentence to the contrary, except with respect to the mortgagor of residential real estate which has not been abandoned, the court may rule without service on a party, if the party is in default *or* if the party making the request shows good cause by affidavit or other sworn evidence." (Emphasis added.) 735 ILCS 5/15-1706(d) (West 2024).

¶ 21　This court has found that "the legislature's use of the word 'or' in section 15-1706(d) indicates a trial court may rule on an *ex parte* motion to appoint a receiver when either the nonmoving party is in default or, in the alternative, when the moving party 'shows good cause by affidavit or other sworn evidence.' 735 ILCS 5/15–1706(d) (West 2012)." *CF SBC Pledgor 1 2012-1 Trust v. Clark/School, LLC*, 2014 IL App (4th) 140416-U, ¶¶ 24-25 (unpublished order under Supreme Court Rule 23(b)). In *CF SBC Pledgor 1 2012-1*, the plaintiff attached an affidavit to its motion to appoint a receiver. *CF SBC Pledgor 1 2012-1*, 2014 IL App (4th) 140416-U, ¶ 25. The affiant asserted the defendant was in default for failing to preserve and maintain its existence as an LLC. *Id.* This court found that, "[p]ursuant to the Foreclosure Law, the trial court was permitted to make an *ex parte* ruling when the movant 'show[ed] good cause by affidavit.' 735 ILCS 5/15–1706(d) (West 2012)." *Id.* The *CF SBC Pledgor 1 2012-1* court found the "sworn affidavit and assertions of default *** were sufficient to *** meet the

requirements of section 15–1706(d)." *CF SBC Pledgor 1 2012-1*, 2014 IL App (4th) 140416-U, ¶ 25.

¶ 22    Although this is an appeal of an order appointing a receiver, the majority of defendant's opening brief is devoted to the issue of service of process. The reason is because defendant initially argued that the trial court erroneously placed the burden of proof on defendant to demonstrate good cause for why a receiver should *not* be appointed based on the court's allegedly erroneous finding that plaintiff properly served defendant.

¶ 23    Plaintiff, relying on *CF SBC Pledgor 1 2012-1*, argued, in part, that the requirement to show good cause with "sworn evidence" is stated in the disjunctive from the alternative means of securing a receiver by showing a default; therefore, plaintiff argued, it "made the requisite showing that it has a reasonable probability of prevailing in this action, whether it effectuated service on [defendant] or not."

¶ 24    In subsequent briefing, defendant abandoned[1] its argument that due to the lack of service the trial court applied the wrong burden to plaintiff's motion and argued, for the first time in its reply brief, that the Foreclosure Law does not permit *ex parte* orders appointing a receiver where the mortgagor (in this case defendant) has not been served with the foreclosure complaint. Defendant argued the trial court's order granting plaintiff's motion to appoint a receiver is void because the trial court never obtained personal jurisdiction over a necessary party prior to entering the order. We note that defendant did not previously argue that when the trial court

---

[1]    According to defendant, "to determine if the trial court properly granted [plaintiff's] motion to appoint a receiver, this Court must review whether [defendant] was properly served. If [defendant] was not properly served, then the trial court never acquired personal jurisdiction over [defendant,] the mortgagor and a necessary party, and the trial court's order appointing a receiver is void."

enters an order appointing a receiver when the mortgagor has not been served, the order is void; rather, defendant argued that, in that circumstance, the Foreclosure Law requires the party seeking a receiver to show good cause for the appointment with "sworn evidence" rather than a "sworn pleading."

¶ 25    Because defendant argued the order was void, we permitted plaintiff to file a sur-reply to defendant's reply brief and permitted defendant to reply to plaintiff's sur-reply, and we have considered the parties' arguments contained therein. We note that a void order may be attacked at any time or in any court, either directly or collaterally. *Herrera v. Herrera*, 2021 IL App (1st) 200850, ¶ 34.

¶ 26    First, we find that the Foreclosure Law does provide for *ex parte* orders appointing a receiver. 735 ILCS 5/15-1706(d) (West 2024). Second, we find that section 15-1706(d) does not except mortgagors from the procedure for *ex parte* orders appointing a receiver and, therefore, the trial court may enter an order appointing a receiver even if the mortgagor has not been served—if the moving party satisfies the requirements of section 15-1706(d).

¶ 27    "[I]t is a cardinal rule of statutory interpretation that it is the function of courts to only declare and enforce the law as enacted by the legislature, and we will not annex new provisions or substitute different ones, or read into a statute exceptions, limitations, or conditions which depart from its plain meaning." *Wendella Sightseeing Co., Inc. v. City of Chicago Through Department of Finance*, 2023 IL App (1st) 211371, ¶ 71. "Furthermore, in reading a statute, no term should be rendered superfluous or meaningless ***." *Mercado v. S&C Electric Co.*, 2023 IL App (1st) 220020, ¶ 20. The Foreclosure Law "changed the law relative to whether a trial court has discretion to award possession pending the outcome of a foreclosure proceeding." *Mellon Bank, N.A.*, 265 Ill. App. 3d at 867. "[W]henever a receiver is sought to be appointed in

any action in which a foreclosure is also pending, a receiver shall be appointed only in accordance with [Foreclosure Law.]" 735 ILCS 5/15-1701(f) (West 2024). When the legislature creates a right and thereby creates a justiciable matter for the courts, the legislature has the right to define the justiciable matter it created. *Skilling v. Skilling*, 104 Ill. App. 3d 213, 219 (1982).

¶ 28 The mortgagor is a "party" to a request to appoint a receiver. 735 ILCS 5/15-1706(d) (West 2024) ("if the mortgagor has not been served with the complaint, the mortgagor must be served [with the motion that a receiver be appointed] in the same manner as required for service of process"). There may be other parties to a motion to appoint a receiver other than the mortgagor and the moving party. See 735 ILCS 5/15-1704 (a) (West 2024) ("upon request of any party and a showing of good cause"), 735 ILCS 5/15-1702 (West 2024) (discussing subordinate mortgagees).

¶ 29 The legislature defined the right to an *ex parte* proceeding to appoint a receiver such that "the court may rule without service on a party, if the party is in default or if the party making the request shows good cause by affidavit or other sworn evidence." 735 ILCS 5/15-1706(d) (West 2024). Defendant reads the language "without service on a *party*" in section 15-1706(d) as "without service on a party [other than a mortgagor.]" We reject defendant's interpretation of the statute. Not only does defendant's interpretation read words into the statute that the legislature did not include, it also renders meaningless the previous clause in the same provision exempting "the mortgagor of residential real estate which has not been abandoned," as well as the subsequent clause providing that "[i]f the mortgagor is not served prior to the hearing, he shall be given notice of the hearing to the same extent as applicable court rules may provide for post-hearing notice of *** *ex parte* motions." If the legislature intended "on a party" to mean "on a party other than the mortgagor" it (a) would have said so, (b) would not have needed to except

- 11 -

mortgagors of residential real estate which has not been abandoned—because such parties would already be excepted from the procedure for *ex parte* orders appointing a receiver, and (c) would not have had to provide for notice of *ex parte* orders appointing a receiver to mortgagors.

¶ 30    We find that when the legislature created a right to an *ex parte* proceeding for the appointment of a receiver, its use of the word "party" rather than "mortgagor" did not exclude mortgagors from that process. Pursuant to the plain language of the statute the legislature created the *ex parte* process for all "parties," including mortgagors, then included special provisions in that process for mortgagors; namely, the legislature excepted mortgagors of residential real estate from the *ex parte* process and the legislature required notice to all mortgagors of an *ex parte* order appointing a receiver. Defendant's construction of the statute violates well settled principles of statutory construction while an inclusive construction of the statute does not. Therefore, we reject defendant's argument. We find that the legislature created a right to an *ex parte* proceeding to appoint a receiver during a foreclosure proceeding absent the mortgagor.

¶ 31    Furthermore, we find that the statute does not violate mortgagors' due process rights. "The fundamental principles of due process require notice and an opportunity to be heard where a judicial body makes a fact-based adjudication affecting property rights." *Pedersen & Houpt, P.C. v. Main Street Village West, Part 1, LLC*, 2012 IL App (1st) 112971, ¶ 28. As demonstrated above, the legislature protected the due process rights of the mortgagor by requiring notice to the mortgagor of the *ex parte* order. 735 ILCS 5/15-1706(d) (West 2024). Additionally, the Foreclosure Law does not limit the time in which a receiver may be removed. 735 ILCS 5/15-1704(h) (West 2024) ("Removal. The court may remove a receiver upon a showing of good cause, in which case a new receiver may be appointed in accordance with subsection (b) of

Section 15-1702 and subsection (a) of Section 15-1704."). Therefore, we find that section 15-1706(d) does not impair mortgagors' right to notice and an opportunity to be heard.

¶ 32    Because the legislature has the authority to define the right to the appointment of a receiver and the legislature limited the right to appointment of a receiver to the procedures stated in the Foreclosure Law, and because the plain language of the Foreclosure Law does not generally except mortgagors from the *ex parte* procedure for the appointment of a receiver, we find that defendant's argument that the trial court's order is void on the grounds the trial court entered an *ex parte* order appointing a receiver, fails.

¶ 33    Having determined that the trial court could rule on plaintiff's motion to appoint a receiver *ex parte*, the next question is whether the trial court erred in granting the motion. "We may affirm on any basis appearing in the record, whether or not the trial court relied on that basis or its reasoning was correct." *Taylor, Bean, & Whitaker Mortgage Corp. v. Cocroft*, 2018 IL App (1st) 170969, ¶ 60. As defendant previously admitted, section 1706(d) permits the trial court to rule "without service on a party, *** if the party making the request shows good cause by affidavit or other sworn evidence." 735 ILCS 5/15-1706(d) (West 2024). Plaintiff attached "verifications" to its verified complaint attached to the motion to appoint a receiver. There is no dispute that the statements in the verifications attached to plaintiff's complaint, read in conjunction with plaintiff's verified complaint, establish that the Note and Mortgage provide for the appointment of a receiver and that defendant is in default of the instruments.

¶ 34    We find that plaintiff supported its motion to appoint a receiver with an affidavit. The "verifications" are subscribed and sworn to by a Notary Public. An affidavit is simply a statement, that "can be based on information and belief," sworn before an officer authorized to administer oaths, that "subjects the affiant to a prosecution for perjury should the allegations turn

out to be false," regardless of the title placed on the statement. *Sherwood v. City of Aurora*, 388 Ill. App. 3d 754, 761 (2009) ("an affidavit in support of a complaint alleging officer misconduct can be based on information and belief as long as it provides sufficient grounds to initiate an investigation and subjects the affiant to a prosecution for perjury should the allegations turn out to be false."). Our supreme court has applied this definition consistently for over 100 years. *Harris v. Lester*, 80 Ill. 307, 311 (1875) ("An affidavit is simply a declaration, on oath, in writing, sworn to by a party before some person who has authority under the law to administer oaths. It does not depend on *** whether it is entitled in any cause or in any particular way. Without any caption whatever, it is nevertheless an affidavit."), *Figge v. Rowlen*, 185 Ill. 234, 238 (1900) (citing *Harris* definition with approval), *People ex rel. McCline v. Meyering*, 356 Ill. 210, 214 (1934) ("An affidavit is a declaration on oath, in writing, sworn to by a party before some person who has authority, under the law, to administer oaths."). The appellate court has more recently recognized that, " 'An affidavit is simply a declaration, on oath, in writing sworn to before some person who has authority under the law to administer oaths.' " *People v. Smith*, 22 Ill. App. 3d 377, 380 (1974) (quoting Illinois Law and Practice, Affidavits, § 2, page 648). In light of this precedent, we find that the verifications attached to the complaint in support of plaintiff's motion were "affidavits."

¶ 35    As we stated at the outset, the sole issue in this appeal is the propriety of the trial court's order appointing a receiver. The trial court's order is not void for lack of jurisdiction over a necessary party, and the plaintiff submitted proper evidence to support the motion. Because plaintiff submitted affidavits in support of its motion and the allegations are sufficient to show plaintiff's right to the appointment of a receiver (*Mellon Bank, N.A.,* 265 Ill. App. 3d at 869, *Wells Fargo Bank, National Ass'n*, 2015 IL App (1st) 142923-U, ¶ 48) we find no error in the

trial court's judgment. Therefore, the trial court's judgment is affirmed, and we have no cause to address defendant's argument that plaintiff's service of process failed to comply with the statutes and Illinois Supreme Court Rules pertaining to service of process because the question has no bearing on the outcome of this appeal. See *In re Commitment of Montilla*, 2022 IL App (1st) 200913, ¶ 94 ("Generally, reviewing courts do not rule upon moot questions, render advisory opinions, or consider issues where the outcome will not be affected regardless of how those issues are decided.").

¶ 36                                                    CONCLUSION

¶ 37      For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 38      Affirmed.